UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Federal Trade Commission</u>

    v.                              Civil No. 04-cv-377-JD

<u>SmartBot.Net, Inc., et al.</u>


O R D E R

Defendant John Robert Martinson moves to dismiss the Federal Trade Commission's claims against him, asserting a lack of personal jurisdiction.  The FTC responds that the due process requirements of the Fifth Amendment have been met and that Martinson is amenable to service of process under the FTC Act, 15 U.S.C. § 53(b).  Martinson contends that § 53(b) does not apply in the circumstances of this case.

The FTC alleges that Martinson is or was the chief executive officer of two Georgia corporations, Mailwiper, Inc., and Spy Deleter, Inc., that sold and distributed computer "anti-spyware" products which were advertised by defendant Seismic Entertainment Products, Inc., through "pop up" computer advertising.  The "pop up" ads are disseminated through unauthorized changes to consumers' web browsers.  The FTC alleges that Martinson, Mailwiper, and Spy Deleter have violated the FTC Act, 15 U.S.C. § 45(a), because their practices have caused substantial injury to consumers without any countervailing benefit.  The FTC seeks an

injunction pursuant to § 53(b) to stop the alleged violations of § 45(a).

The party asking the court to exercise personal jurisdiction over a defendant bears the burden of showing that it exists. Jet Wine & Spirits v. Bacardi & Co., 298 F.3d 1, 7 (1st Cir. 2003). In federal question cases, the Fifth Amendment governs the personal jurisdiction analysis and requires that a defendant have adequate contacts with the United States as a whole. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). In addition, the defendant must be amenable to service of process as authorized either by the federal statute providing the cause of action or by a civil rule. Id.

There is no dispute that Martinson, who is a Georgia resident, has sufficient contacts with the United States to satisfy the Fifth Amendment. The FTC contends that § 53(b), which provides for nationwide service of process, makes Martinson amenable to suit.[1]  Martinson challenges the application of §

---

[1] Section 53(b) provides that the Commission may bring suit to enjoin an act or practice "[w]henever the Commission has reason to believe - - (1) that any person . . . is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and (2) that the enjoining thereof . . . would be in the interest of the public . . . ." 15 U.S.C. § 53(b)(2). The statute also provides for nationwide service of process: "In any suit under this section, process may be served on any person . . . wherever [he] may be found."

53(b) on the ground that his two corporations, Mailwiper and Spy Deleter, have been dissolved. He argues that since the corporations no longer exist, the activity the FTC sought to enjoin has ceased, and the FTC cannot seek an injunction under § 53(b) against him.

Martinson responded to the FTC's assertion of jurisdiction under § 53(b) only in his reply. The FTC has not sought leave to file a surreply to address the issues raised in the reply. The FTC raised the possibility of personal jurisdiction based on minimum contacts with New Hampshire only in a footnote.

The present state of the record is insufficient to permit a decision on the question of personal jurisdiction. Further, given Martinson's representations in his reply, it appears that the claim against him might be resolved by agreement and a stipulation. Therefore, counsel shall first discuss the possibility of settling the claim against Mailwiper, Inc., Spy Deleter, Inc., and Martinson. If those efforts are unsuccessful, the FTC shall file a surreply responding to the arguments Martinson has raised in his reply **on or before August 12, 2005.**

Conclusion

For the foregoing reasons, the FTC and defendants Mailwiper, Inc., Spy Deleter, Inc., and Martinson shall use their best efforts to resolve the claim against those defendants. In the event they are not successful, the FTC shall file a surreply responding to the arguments Martinson has raised in his reply **on or before August 12, 2005.**

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 26, 2005

cc:   Ralph A. Jacobs, Esquire
      W. Scott O'Connell, Esquire
      Charulata B. Pagar, Esquire
      Laura M. Sullivan, Esquire
      Martha Van Oot, Esquire