UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Federal Trade Commission

    v.                            Civil No. 04-377-JD

Seismic Entertainment
Productions, Inc., et al.

O R D E R

In its amended complaint, the Federal Trade Commission ("FTC") alleges that John Robert Martinson is or has been the chief executive officer and owner of two businesses, Mailwiper, Inc., and Spy Deleter, Inc., that engaged in unfair acts and practices in violation of 15 U.S.C. § 45(a). The FTC seeks injunctive relief under 15 U.S.C. § 53(b) to stop Martinson from marketing and distributing spyware computer products in conjunction with the other defendants. Martinson moves to dismiss, asserting that the court lacks personal jurisdiction over him. The court previously directed the parties to address further the issue of personal jurisdiction under § 53(b), which they have done.

Because the subject matter jurisdiction of this court is based upon a federal question, the alleged violation of § 45(a), the Fifth Amendment due process clause controls the personal jurisdiction analysis. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 617 (1st Cir. 2001). Further, the Federal

Trade Commission Act, as codified at 15 U.S.C. § 53(b), provides for nationwide service of process when the FTC seeks preliminary or permanent injunctive relief to prevent violations of the laws it enforces.  In those circumstances, the court has personal jurisdiction over a defendant who has sufficient minimum contacts with the United States, rather than the forum state.

Martinson, who is a Georgia resident, does not contest that he has sufficient minimum contacts with the United States to satisfy Fifth Amendment due process.  He argues instead that § 53(b) does not apply because he is no longer engaged in the business the FTC sought to enjoin and, therefore, the FTC cannot succeed in obtaining an injunction against him.  In essence, Martinson contends that personal jurisdiction depends upon the viability of the FTC's claim against him.

The FTC has alleged a claim against Martinson under § 45(a) and sought relief pursuant to § 53(b).  At this stage of the proceedings, the court does not address the merits of the claim, but instead only weighs the facts pertinent to personal jurisdiction to determine whether there is a "likelihood" that jurisdictional facts exist.  Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 677 (1st Cir. 1992).  The court finds that the FTC has provided a sufficient basis to support its reasonable belief that absent an injunction Martinson will again pursue business activities in violation of § 45(a).  Further, courts have

interpreted the injunctive relief specified in § 53(b) to include ancillary equitable relief to redress consumer injury.  See, e.g. FTC v. Freecom Comm'ns, Inc., 401 F.3d 1192, 1203 n.6 (10th Cir. 2005); AT&T Broadband v. Tech Comm'ns, Inc., 381 F.3d 1309, 1316 (11th Cir. 2004); FTC v. Febre, 128 F.3d 530, 534 (7th Cir. 1997); United States v. Lasseter, 2005 WL 1638735, at *5 (M.D. Tenn. June 30, 2005); FTC v. Ameridebt, Inc., 373 F. Supp. 2d 558, 563 (D. Md. 2005).  Martinson does not contest that part of the FTC's claim.

Because Martinson has sufficient contacts with the United States to satisfy due process for purposes of § 53(b), this court has personal jurisdiction over him.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 55) is denied.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge

September 22, 2005

cc:  Ralph A. Jacobs, Esquire
     Steven M. Notinger, Esquire
     W. Scott O'Connell, Esquire
     Charulata B. Pagar, Esquire
     Laura M. Sullivan, Esquire
     Martha Van Oot, Esquire