UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Federal Trade Commission

    v.                              Civil No. 04-cv-377-JD

Seismic Entertainment
Productions, Inc., et al.

O R D E R

     The Federal Trade Commission ("FTC") brought this action against individuals and companies that are alleged to have engaged in unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), arising from their marketing of software products to consumers. Several of the defendants have defaulted. Defendant John Robert Martinson, who is proceeding pro se, moved for an entry of judgment against himself and his companies, Mailwiper, Inc., and Spy Deleter, Inc., which proposed judgment he represented had been sent to the FTC. No proposed order of judgment was included with Martinson's motion.

     The FTC filed a proposed order of judgment against Martinson, Mailwiper, and Spy Deleter, which would impose a permanent injunction against certain activities associated with their Internet use, require certain monitoring and record-keeping conditions, and order disgorgement of $1,162,498.00. Martinson filed a response in which he represented that Mailwiper and Spy

Deleter were dissolved as of February 17, 2005.  He also did not appear to contest his liability for the actions alleged by the FTC but argued that he is not a threat to the Internet and that he does not plan to engage in any activities that would violate the FTC Act.  Martinson objected to the amount of disgorgement sought by the FTC on the grounds that the companies did not earn that amount and that customer redress procedures provided opportunities for his customers to receive refunds.

    The FTC responded that the financial information Martinson has provided is insufficient to determine whether a lower amount of disgorgement would be appropriate.  The FTC proposes that the court enter an order for a permanent injunction against Martinson, Mailwiper, and Spy Deleter, and reopen discovery for six weeks on the issue of the financial benefits Martinson and his companies gained through the activities challenged in the FTC's complaint.

    Based on the filings of the FTC and Martinson, it appears the parties can reach agreement on the issue of liability and injunctive relief addressing that liability.  It also appears that it would be beneficial for the parties to further explore the financial aspects of the businesses to better determine what amount, if any, would be appropriate as an amount of disgorgement.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for an order of judgment (document no. 93) is denied.  Martinson shall file his response to the FTC's proposed "Order of Judgment for Permanent Injunction and Other Equitable Relief against John Robert Martinson, Mailwiper, Inc., and Spy Deleter, Inc." and the FTC's request for additional discovery **on or before March 6, 2006.  Failure to file a response may be deemed agreement to the proposed order and the request for additional discovery**.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

February 27, 2006

cc:   Stacey P. Ferguson, Esquire
      Charulata B. Pagar, Esquire
      Laura M. Sullivan, Esquire
      Martha Van Oot, Esquire
      John Robert Martinson, pro se