UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Federal Trade Commission

        v.                              Civil No. 04-cv-377-JD

SmartBot.Net, Inc., et al.


O R D E R


The Federal Trade Commission brought an action against
several corporations and their principal officers and owners,
alleging violations of the Federal Trade Commission Act.  After
defendant Seismic Entertainment Productions, Inc., filed for
bankruptcy protection, a stipulated final judgment was entered as
to the claims against it.  Default has been entered as to
defendants SmartBot.Net, Inc., Sanford Wallace, Mailwiper, Inc.,
Spy Deleter, Inc., Jared Lansky, and OptinTrade, Inc.  Lansky and
OptinTrade move to strike the default that was entered as to them
and have filed a stipulated consent decree with the FTC.  The FTC
proposes orders of judgment as to the other remaining defendants
and seeks additional discovery with respect to defendants John R.
Martinson, Spy Deleter, Inc., and Mailwiper, Inc.

A.   Sanford Wallace and SmartBot.Net, Inc.

     After a hearing, the court ordered a temporary injunction
against Seismic Entertainment Productions, Inc., Sanford Wallace
and SmartBot.Net, Inc.[1]  Wallace, SmartBot, and the FTC filed a
stipulated preliminary injunction that was ordered by the court
on December 20, 2004.  After counsel withdrew, Wallace and
SmartBot failed to file appearances as ordered by the court.
Default was entered against them on November 2, 2005.  Before
counsel withdrew, he indicated that he was having difficulty
communicating with Wallace and SmartBot.  Neither Wallace nor
SmartBot responded to discovery requests, and neither has made
any filings since their counsel withdrew.

     The FTC moves for a default judgment against Wallace and
SmartBot.  The FTC's proposed order of judgment specifies the
factual bases of Wallace's and SmartBot's liability for
violations of the Federal Trade Commission Act, imposes an
injunction against further conduct that would violate the Act,
and orders a money judgment for disgorgement of $4,089,550.48.
The FTC also submitted extensive documentary support for the
proposed factual findings of the defendants' liability for
violations of the Federal Trade Commission Act and for the amount

---

[1]Default was entered as to Seismic on December 9, 2004, and
final judgment entered on October 11, 2005.

2

of disgorgement.  The only factual finding included in the
proposed order that may be subject to dispute concerns amounts
paid by defendant John Martinson and his companies to Wallace.
For that reason, paragraph forty-six of the proposed order is
amended as follows:

46.  Co-Defendants Mr. Martinson, Spy Wiper, and Spy Deleter
paid Wallace at least $951,135.09 for Spy Wiper and Spy Deleter
sales that he generated.

Judgment of default is available under Federal Rule of Civil
Procedure 55(b).  When, as here, the defaulted parties have
appeared in the action, the party seeking a default judgment must
first serve written notice of the requested judgment.  Fed. R.
Civ. P. 55(b)(2); United States v. $23,000 in U.S. Currency, 356
F.3d 157, 163 (1st Cir. 2004).  If the defendants do not respond
to the notice provided, the court may enter a final judgment,
including damages, without an evidentiary hearing or proof of
damages when the claim is for a "sum certain," meaning "there is
no doubt as to the amount to which a plaintiff is entitled as a
result of the defendant's default."  KPS & Assocs., Inc. v.
Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).

Wallace and SmartBot were defaulted on November 2, 2005, and
did not respond.  They received copies of the FTC's proposed
default judgment, including the proposed amount of disgorgement,

3

and failed to respond.[2]   The FTC has provided clear record
support for the amount of disgorgement it claims along with the
proposed default judgment.   Wallace and SmartBot have had every
opportunity to respond to the FTC's action and proposed default
judgment and have failed to do so.   Therefore, the FTC's motion
for default judgment is granted.   The default judgment will issue
separately.


B.   John R. Martinson, Mailwiper, Inc., and Spy Deleter, Inc.

     The FTC's claims against Martinson arise from his actions
and the business practices of his companies, Mailwiper, Inc., and
Spy Deleter, Inc., which were defaulted on May 17, 2005.   After
Martinson's counsel withdrew on November 17, 2005, Martinson's
pro se motion for judgment was deemed to be an appearance pro se,
thereby avoiding default, but was otherwise denied.   Martinson
does not contest the FTC's right to an injunction but does

---

     [2]The FTC filed an affidavit of service showing that Wallace
received by electronic mail a copy of the proposed default
judgment and motion for default judgment and that Wallace
acknowledged having received it by return electronic mail on
February 11, 2006.   Although Wallace indicates in his response to
the FTC that he admits liability and agrees to a permanent
injunction, he has made no effort to file any response here.   In
addition, the FTC was not able to personally serve Wallace with
the motion and the proposed default judgment despite several
attempts to serve him at his residence and efforts to contact him
by the cellular telephone number he provided with his electronic
mail.

contest the amount of disgorgement the FTC demands from him.
The FTC filed a proposed order of judgment on December 30, 2005,
with a supporting affidavit of service.  In response, Martinson
reiterated that he does not contest a permanent injunction but
objected to the amount of disgorgement proposed.  He also argued
that he paid Wallace a fifty percent commission and that he paid
an intermediary an additional five percent commission, which is
more than the FTC had determined was paid.  Martinson further
represents that his companies, Spy Deleter and Mailwiper, were
dissolved as of February 17, 2005.[3]

The FTC then filed a motion to enter a revised proposed
order of judgment as to Martinson and default judgment as to
Mailwiper and Spy Deleter that would impose a permanent
injunction, find that the FTC is entitled to a monetary judgment,
and reopen discovery for six weeks to determine the appropriate
amount of a monetary judgment.[4]  The court ordered Martinson to
respond to the FTC's revised proposed order of judgment on or

------

[3]While Martinson states that his companies have been
dissolved, he does not contest a permanent injunction against
them.

[4]The FTC did not file an affidavit of service in support of
the motion for the revised proposed order of judgment.  Because
the corporate defendants were defaulted and because Martinson
represents that they are dissolved, their status and ability to
receive notice of and respond to the proposed order are in
dispute.

before March 6, 2006, and notified him that his failure to respond would be deemed to be agreement to the revised proposed order of judgment.  Martinson has not filed a response, and, therefore, he is deemed to have agreed to the FTC's revised proposed order of judgment.

On review of the revised proposed order, however, the court notes that the FTC refers to the amount of commission paid to Wallace, at paragraph 20, which is a matter in dispute.  In addition, the FTC requires certain actions by Spy Deleter, Inc., and Mailwiper, Inc., that may not be possible if those corporations have been dissolved, as Martinson represents them to be.  In addition, a single order of judgment, issued after discovery has concluded, would avoid piecemeal resolution of the claims against these defendants.

Therefore, the FTC's motion for a revised proposed order is granted as to the request to reopen discovery for six weeks from the date of this order but is otherwise denied without prejudice to filing a second revised proposed order, after discovery has concluded, that addresses the current circumstances of the corporate defendants and seeks appropriate relief.  The FTC's first proposed order of judgment is terminated as moot.

C.  Jared Lansky and OptinTrade, Inc.

     Lansky and OptinTrade, Inc., move, with assent from the FTC,
to set aside the default that was entered against them on
February 28, 2006.  "An entry of the default itself may be set
aside '[f]or good cause,' Fed. R. Civ. P. 55(c), a term that is
liberally construed." Venegas-Hernandez v. Sonolux Records, 370
F.3d 183, 187 (1st Cir. 2004).  Factors that may be considered as
good cause "are whether the default was willful and whether
removal of the default would prejudice the plaintiff." Id.
Because the FTC assents to the motion to strike the default and
because the parties have arrived at a stipulated proposed consent
decree, it is appropriate to grant the motion to strike the
default.  The Stipulated Consent Decree is addressed separately.


                          Conclusion

     For the foregoing reasons, the plaintiff's motion for
default judgment against Sanford Wallace and SmartBot.Net, Inc.,
(document no. 100) is granted.  The plaintiff's proposed order of
judgment as to John Robert Martinson, Mailwiper, Inc., and Spy
Deleter, Inc., (document no. 95) is terminated as moot.  The
plaintiff's motion to strike answer (document no. 89) is
terminated.  The plaintiff's motion for a revised order of
judgment as to John R. Martinson, Mailwiper, Inc., and Spy

                               7

Deleter, Inc., (document no. 102) is granted as to reopening discovery for six weeks from the date of this order but is otherwise denied without prejudice to file a second revised proposed order at the conclusion of discovery.  The assented-to motion to strike default (document no. 105) is granted.

　　　　SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 16, 2006

cc:  Stacey P. Ferguson, Esquire
     Charulata B. Pagar, Esquire
     Laura M. Sullivan, Esquire
     Martha Van Oot, Esquire
     John McFerrin Clancy, Esquire
     John Robert Martinson, pro se