**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

_____

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.                                     Civil No. 04-377-JD

SEISMIC ENTERTAINMENT
PRODUCTIONS, INC., et al.

        Defendants.

_____

**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT**
**OF CLAIMS FOR MONETARY RELIEF AS TO DEFENDANTS**
**OPTINTRADE, INC. AND JARED LANSKY**

      Plaintiff, the Federal Trade Commission ("Commission") has filed a Complaint for

Permanent Injunction and Other Equitable Relief ("Complaint") against OptinTrade, Inc. and

Jared Lansky ("Defendants") pursuant to Section 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. § 53(b), alleging unfair acts or practices in violation of Section 5(a) of

the FTC Act, 15 U.S.C. §§ 45(a), in connection with their Internet marketing and distribution of

software programs to consumers.

      The Commission and Defendants have stipulated to the entry of the following Stipulated

Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief as to

Defendants OptinTrade, Inc. and Jared Lansky ("Order") in settlement of the Commission's

Complaint against Defendants.  Defendants expressly deny liability for any of the matters alleged

in the Complaint.  The Court, being advised in the premises, finds:

**FINDINGS**

1.      This Court has jurisdiction over the subject matter of this case and over the Defendants.

2.      The Complaint states a claim upon which relief may be granted, and the Commission has the authority to seek the relief that is stipulated to in this Order.

3.      Venue as to the Defendants in the District of New Hampshire is proper.

4.      The acts and practices of Defendants were and are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      Parties waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order.  Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

6.      Each party shall bear its own costs and attorneys' fees.

7.      Entry of this Order is in the public interest.

8.      Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants, and their officers, agents, servants, employees and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise.

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

A.      "Assisting others" means knowingly providing any of the following services to any person or entity: (a) disseminating, distributing, or publishing any Internet advertising or

marketing content for any person or entity, including, but not limited to, distributing pop-up and banner advertisements; or (b) formulating, developing, or providing, or arranging for the formulation, development, or provision of, any Internet advertising or marketing content for any person or entity; or (c) performing advertising or marketing services of any kind for any person or entity.

B.      "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

C.      The "World Wide Web" or the "Web" is a system used on the Internet for cross-referencing and retrieving information.  Documents ("pages" or "sites") on the World Wide Web are most frequently formatted in a language called HTML or HyperText Markup Language, that supports links to other documents on the World Wide Web.

D.      A "web site" is a set of electronic files or documents, usually a home page and subordinate pages, readily viewable on a computer by anyone with access to the Web and standard Internet browser software.

E.      A "web browser" is a software application used to view, download, upload, surf or otherwise access documents ("pages" or "sites") on the World Wide Web.  Web browsers read coded documents that reside on servers, and interpret the coding into what users see rendered as a web page or web site.  A user may retrieve and view a web page or site by entering the Uniform Resource Locator ("URL") or domain name of the web page in the address bar of the web browser.

F.      A "security vulnerability" means a weakness, flaw, or bug in a software program or application that can be used to increase access privileges to a computer system, compromise data stored on it, or control its operation.

G.      "Express consent" means that, prior to installing any software program or application to consumers' computers:

      (1)    Defendants clearly and prominently disclose the material terms of such software program or application; and

      (2)    Consumers install or download such software program or application by clicking on a button that is labeled to convey that it will activate the installation or download, or by taking a substantially similar action.

H.      "Clearly and prominently" shall mean that, in the case of advertisements communicated through an electronic medium (such as television, video, radio, and interactive media such as the Internet and online services), the disclosure shall be presented simultaneously in both the audio and visual portions of the advertisement.  Provided, however, that in any advertisement presented solely through visual or audio means, the disclosure may be made through the same means in which the advertisement is presented.  The audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it.  The visual disclosure shall be of a size and shade, and shall appear on the screen for a duration, sufficient for an ordinary consumer to read and comprehend it.  In addition to the foregoing, in interactive media the disclosure shall also be unavoidable and shall be presented prior to the consumer installing or downloading any software code, program, or content and prior to the consumer incurring any financial obligation.

I.      Unless otherwise specified, "Defendants" means:

      (1)    Jared Lansky ("Lansky") individually and in his capacity as an officer of OptinTrade, Inc.

4

   (2)  OptinTrade, Inc., a corporation, its divisions and subsidiaries, its

      successors and assigns, and its officers, agents, representatives, and

      employees.

 J.  "FTC" or "Commission" means the Federal Trade Commission.

 K.  A requirement that any Defendant "notify," "furnish," "provide," or "submit" to

the Commission means that the Defendant shall send the necessary information via first class

mail, costs prepaid, or via overnight carrier, to:

> Associate Director for Advertising Practices
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington D.C.  20580
> Attn: *FTC v. Seismic Entertainment Productions, Inc. et al.* (D.N.H.)

 L.  The terms "and" and "or" in this Order shall be construed conjunctively or

disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than

exclusive.

 M.  The term "including" in this Order means "including without limitation."

**PROHIBITED BUSINESS ACTIVITIES**

**I.**

 **IT IS THEREFORE ORDERED** that Defendant Lansky and Defendant OptinTrade,

Inc. and its officers, agents, directors, employees, salespersons, independent contractors,

subsidiaries, affiliates, successors, assigns and all other persons or entities in active concert or

participation with any of them who receive actual notice of this Order by personal service or

otherwise, whether acting directly or through any person, corporation, subsidiary, division or

other device, are hereby enjoined from, or assisting others in, publishing, disseminating, or

distributing on or through the Internet, the World Wide Web, any bulletin board system, File

Transfer Protocol ("FTP"), electronic-mail, instant message, web page, or web site, any software

script, code, or other content that exploits a security vulnerability of any computer operating

system, web browser, or other application to download or install onto any computer any software

code, program, script, or content.

## II.

**IT IS FURTHER ORDERED** that Defendant Lansky and Defendant OptinTrade, Inc.

and its officers, agents, directors, employees, salespersons, independent contractors, subsidiaries,

affiliates, successors, assigns and all other persons or entities in active concert or participation

with any of them who receive actual notice of this Order by personal service or otherwise,

whether acting directly or through any person, corporation, subsidiary, division or other device,

in connection with the advertising, promotion, marketing, offering for sale, sale, or provision of

any goods or services on or through the Internet, the World Wide Web, or any web page or web

site, are enjoined from, or assisting others in:

    A.      installing or downloading any software program or application without express

            consent;

    B.      redirecting computers connected to the Internet or World Wide Web to different

            web sites, web pages, FTP servers, or other Internet servers than those that the

            consumer selects to visit;

    C.      changing or causing to change any web browser's default home page to a different

            web page; and

    D.      modifying or replacing any search engine's or other application's search features

or functions.

## SUSPENDED JUDGMENT

## III.

**IT IS FURTHER ORDERED** that judgment for disgorgement in the amount of Three Hundred Thirty Thousand Dollars ($330,000) is hereby entered against Defendants OptinTrade, Inc. and Defendant Lansky, jointly and severally. *Provided, however,* that One Hundred Three Thousand Dollars ($103,000) of this amount shall be suspended subject to the conditions set forth in Paragraph V of this Order.

## MONETARY RELIEF AND CONSUMER REDRESS

## IV.

**IT IS FURTHER ORDERED** that Defendants shall disgorge funds as follows:

A.      Within ten (10) days of the date of entry of this Order, Defendants shall transfer to the Commission by electronic funds transfer One Hundred Thirteen Thousand, Five Hundred Dollars ($113,500) which is being held in escrow in the following account: Bank of America, 150 Broadway, New York, New York, account number --------2002;

B.      Thereafter, Defendants shall pay the remaining One Hundred Thirteen Thousand, Five Hundred Dollars ($113,500) owed to the Commission by paying the sum of Eighteen Thousand, Nine Hundred and Sixteen Dollars ($18,916) on the first day of each of the following five months from the date of entry of the Order; and on the first day of the sixth month, they shall pay Eighteen Thousand, Nine Hundred and Twenty Dollars ($18,920);

C.      In the event of any default on any obligation to make payment under this Order, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the

date of payment.  Defendants shall be jointly and severally liable for all payments required by this Order and any interest on such payments.

D.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable, or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph. Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payments under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

E.      Defendants relinquish all dominion, control, and title to the funds paid to the Commission, and all legal and equitable title to the funds.  Defendants shall make no claim to or demand for the return of the funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any Defendant, Defendants acknowledge that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

F.      In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they have done so already, to furnish the FTC their taxpayer identifying number and/or social security number, which shall be used for purposes of collecting and reporting on any delinquent amount

arising out of Defendants' relationship with the government.

## REINSTATING SUSPENDED JUDGMENT

## V.

**IT IS FURTHER ORDERED** that:

A.       The Commission's agreement to suspend a portion of the disgorgement judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Defendants' financial statements and supporting documents submitted to the Commission, namely the Federal Trade Commission Financial Statement of Corporate Defendants dated September 30, 2005, and the Federal Trade Commission Financial Statement of Individual Defendants dated September 30, 2005, with accompanying United States and New York income tax returns and applications for extension of time to file, and the Excel spreadsheet attached to the May 27, 2005 email from Defendants' counsel, John McFerrin-Clancy, Esq. to FTC counsel, Charulata B. Pagar, Esq. Except for the amount of the judgment, the financial information and documents referenced in this Paragraph shall be designated as confidential.

B.       If, upon motion by the Commission, this Court finds that one or more Defendants made any material misrepresentation or omission regarding the amounts previously reported to the Commission as taxes owed and paid for the tax years 2003 and 2004, the Court shall reinstate the suspended portion of the judgment. *Provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court.

C.       It shall be a violation of this Paragraph, and the Court shall reinstate the suspended portion of the judgment, if a Defendant files any federal or state tax return seeking a cash refund of some or all of the amounts previously reported to the Commission as taxes owed

and paid for the tax years 2003 and 2004. *Provided, however*, that seeking such a cash refund shall not be deemed to be a violation of this Paragraph if the Defendant promptly remits to the Commission the full amount of any such cash refund within ten (10) days of receipt of the refund.

       D.      Proceedings under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided for by law, including any other proceedings the FTC may initiate to enforce this Order.

## COOPERATION WITH COMMISSION COUNSEL

## VI.

      **IT IS FURTHER ORDERED** that Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear, or cause its officers, employees, representatives, or agents to appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant shall appear, or cause its officers, employees, representatives, or agents to appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## DISTRIBUTION OF ORDER

## VII.

      **IT IS FURTHER ORDERED** that Defendant OptinTrade, Inc. and any business where

(1) Defendant Lansky is the majority owner of the business or directly or indirectly manages or controls the business, and (2) the business is engaged in advertising, marketing, promotion, on or through the Internet:

A.      Within thirty (30) days after service of this Order, deliver a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each of their current principals, officers, and directors, and to all current managers, employees, representatives, and agents having responsibilities with respect to the subject matter of this Order;

B.      For a period of four (4) years from the date of service of this Order, provide a copy of this Order to, and obtain a signed and dated acknowledgment of receipt of same from, each of their future principals, officers, and directors, and to all future managers, employees, representatives, and agents having responsibilities with respect to the subject matter of this Order, within thirty (30) days after the person assumes such responsibilities; and

C.      Maintain for a period of three (3) years after creation, and upon reasonable notice make available to representatives of the Commission, the original signed and dated acknowledgments of the receipt of copies of this Order, as required in Subsections (A) and (B) of this Paragraph VII.

## NOTICE TO CLIENTS, CONTRACTORS, AFFILIATES, AND PARTNERS

## VIII.

**IT IS FURTHER ORDERED** that Defendants shall:

A.      Send, within twenty (20) days of entry of this Order, by electronic mail, return receipt requested, a copy of this Order, to each contractor, affiliate, partner, or client that, between September 1, 2003 and the date of entry of this Order:

(1)     engaged in Internet advertising and marketing business on behalf of OptinTrade, Inc., Pushermans, Inc., or Lansky; and

(2)     retained OptinTrade, Inc., Pushermans, Inc., or Lansky to engage in Internet advertising and marketing business on their behalf.

This mailing shall not include any other document or enclosures.

B.     Notify, immediately, each contractor, affiliate, partner, or client that Defendants will stop doing business with that contractor, affiliate, partner, or client if it continues to engage in any Internet marketing or advertising business that is prohibited by this Order, in the event that Defendants become aware that the contractor, affiliate, partner, or client is engaging in such Internet marketing or advertising business after receipt of this Order.

C.     Terminate any contractor, affiliate, partner, or client within ten (10) days after Defendants become aware that the contractor, affiliate, partner, or client has continued to engage in Internet marketing or advertising business that is prohibited by this Order after receipt of the notice required by subparagraph B of this Part.

## COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

## IX.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in any Defendants' possession or

direct or indirect control to inspect the business operation;

      B.      In addition, the Commission is authorized to monitor Defendants' compliance with this Order by all other lawful means, including but not limited to the following:

           (1)     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

           (2)     posing as customers and clients to Defendants, Defendants' employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice;

*Provided* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

      C.      Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

## COMPLIANCE REPORTING

## X.

      **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

      A.      Defendant Lansky, within ten (10) business days of service of this Order, shall notify the Commission in writing of (1) his residence address and mailing address; (2) his home

telephone number; (3) the name, address, and telephone number of his employer; (4) if applicable, the names of his supervisors; (5) a description of his employer's activities; and (6) a description of his duties and responsibilities.

    B.    For a period of four (4) years from the date of service of this Order,

        (1)    Defendant Lansky shall notify the Commission of the following:

            (a)    Any changes in Defendant Lansky's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

            (b)    Any changes in Defendant Lansky's employment status (including self-employment) within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant Lansky is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of Defendant Lansky's duties and responsibilities in connection with the business; and

            (c)    Any changes in Defendant Lansky's name or use of any aliases or fictitious names.

        (2)    Defendant OptinTrade shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts

or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendant OptinTrade, Inc. learns less than thirty (30) days prior to the date such action is to take place, that Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

C.      Sixty (60) days after the date of service of this Order, Defendants each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to any changes required to be reported pursuant to subparagraph (B) above; a copy of each acknowledgment of receipt of this Order obtained by each of Defendants pursuant to Paragraph VII of this Order; and a copy of each electronic mail sent by each of Defendants pursuant to Paragraph VIII of this Order and any return receipt notifications that Defendants receive as to when and if recipients have opened such electronic mail.

D.      For purposes of the compliance reporting required by this Paragraph, the Commission is authorized to communicate directly with Defendants.

## RECORD KEEPING PROVISIONS

## XI.

**IT IS FURTHER ORDERED** that, for a period of seven (7) years from the date of service of this Order, Defendant OptinTrade, if engaging or assisting others engaged in advertising, marketing, and promotion on or through the Internet, in or affecting commerce, and

any business where (1) Defendant Lansky is a majority owner or an officer or director of the business, or directly or indirectly manages or controls the business and where (2) the business engages, or assists others engaged in, advertising, marketing, and promotion on or through the Internet, in or affecting commerce, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints (whether received directly, indirectly or through any third party), and any response to those complaints or requests; and

E.      A sample of all advertisements, promotional materials, or other marketing materials distributed on behalf of customers, to the extent such information is prepared in the ordinary course of business.

**SCOPE OF ORDER**

**XII.**

**IT IS FURTHER ORDERED** that this Order resolves only claims against Defendants OptinTrade and Lansky as alleged in the Complaint.  This Order does not preclude the Commission from initiating further action or seeking any remedy against any other persons or entities, including without limitation persons or entities who may be subject to portions of this Order by virtue of actions taken in concert or participation with Defendants Lansky and OptinTrade.


**ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS**

**XII (A).**

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

## XIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this ____22nd__ day of ____March_____, 2006.


/s/ Joseph A. DiClerico, Jr.
_____
UNITED STATES DISTRICT JUDGE
JOSEPH A. DICLERICO, JR.


**SO STIPULATED:**


/s/ Charulata B. Pagar
_____
LAURA M. SULLIVAN (New York Bar No. 2919660)
CHARULATA PAGAR (Illinois Bar No. 6209680)
Federal Trade Commission
600 Pennsylvania Avenue, NW
NJ-3204
Washington, DC  20580
(202) 326-3327, -2791, -3627 (voice)
(202) 326-3259 (fax)
lsullivan@ftc.gov
cpagar@ftc.gov
ATTORNEYS FOR PLAINTIFF


/s/ Jared Lansky
_____
Jared Lansky
Individually, and as the officer of OPTINTRADE, INC.

By their attorneys,

/s/ John McFerrin Clancy, Esq.
_____
Schlam, Stone & Dolan
26 Broadway
New York, NY 10004
(212) 344-5400 (voice)  (212)344-7677 (fax)

18

/s/ Martha Van Oot
Orr & Reno
One Eagle Square
P.O. Box 3550
Concord, New Hampshire 03302
603-224-2381 (Phone)
603-224-2318 (Fax)