UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Federal Trade Commission</u>

    v.                                    Civil No. 04-cv-377-JD

<u>Seismic Entertainment</u>
<u>Productions, Inc., et al.</u>


O R D E R


In response to the court's procedural order issued on
October 23, 2006, the Federal Trade Commission and John Robert
Martinson filed a stipulation to clarify the use of the term
"Defendants" in their previously filed Proposed Consent Decree
(document no. 135).

The FTC and Martinson stipulate that the term "Defendants"
in the preamble of Part IV and referring to former defendants
Mailwiper, Inc., and Spy Deleter, Inc., "was solely to indicate
that the Commission's recovery could never be more than
$1,862,270.18 from all three defendants combined, as opposed to
that amount from each."  Stip. ¶ 3(a) (doc. no. 137).  They also
stipulate that the use of the term "Defendants" in Part IV,
Subpart D, "is meant solely to clarify that the Commission may
apply monies obtained from Defendant Martinson as equitable
relief for the collective past practices of all three defendants:
Defendant Martinson, former Defendant Mailwiper, Inc., and former

Defendant Spy Deleter, Inc."  Stip. ¶ 3(b) (doc. no. 137).  In
all other places, "Defendants" is a typographical error and
should be read in the singular to mean John Robert Martinson.


<u>Conclusion</u>

The joint Stipulation is approved.  Therefore, the Proposed
Consent Decree incorporates the clarifications provided in the
parties' stipulation (document no. 137).

The clerk of court shall enter judgment in accordance with
this order and the other orders terminating the claims against
the other defendants in this case.

SO ORDERED.


_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

October 30, 2006

cc:  Stacey P. Ferguson, Esquire
     David P. Frankel, Esquire
     Charulata B. Pagar, Esquire
     Rosemary Rosso, Esquire
     Laura M. Sullivan, Esquire
     Martha Van Oot, Esquire
     John McFerrin Clancy, Esquire
     John Robert Martinson, Esquire