UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br>v.<br><br>SEISMIC ENTERTAINMENT<br>PRODUCTIONS, INC., *et al.*<br><br>　　　　Defendants. | Civil No.: 04-377-JD |

**STIPULATED FINAL ORDER FOR PERMANENT
INJUNCTION AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF
AGAINST DEFENDANT JOHN ROBERT MARTINSON**

Plaintiff, Federal Trade Commission ("FTC" or "Commission"), filed an Amended Complaint for Permanent Injunction and Other Equitable Relief ("Amended Complaint") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging, *inter alia,* that John Robert Martinson ("Martinson"), Mailwiper, Inc. ("Mailwiper"), and Spy Deleter, Inc. ("Spy Deleter") (collectively, "Defendants") engaged in unfair acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) in connection with their marketing and distribution of software products to consumers. (Dk. No. 37). Defendant Martinson denies the allegations in the Amended Complaint, except for jurisdictional facts, but is willing to agree to the entry of the following Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief Against Defendant John Robert Martinson ("Order"), without adjudication of any issues of fact or law.

The Commission and Defendant Martinson have stipulated and agreed to the entry of the following Order in settlement of the Commission's Complaint against him. The Court, being advised in the premises, finds:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant Martinson pursuant to 15 U.S.C. §§ 45(a), 53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

2. Venue as to Defendant Martinson in the District of New Hampshire is proper pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

3. The Amended Complaint (Dk. No. 37) states a claim upon which relief can be granted pursuant to Sections 5(a)(1) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b), and the Commission has the authority to seek the relief it has requested.

4. The acts and practices of Defendant Martinson are or were in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The parties waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order. Defendant Martinson also waives any claims that he may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

6. Each party shall bear its own costs and attorneys' fees.

7. Entry of this Order is in the public interest.

8. This Order was drafted jointly by Plaintiff and Defendant Martinson and reflects the negotiated agreement among the parties.

9. The paragraphs of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance and no paragraph serves to modify another paragraph unless expressly so stated.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. "Assisting others" means knowingly providing any of the following services to any person or entity: (a) developing, supplying, distributing, or publishing any software

program, product, or service; or (b) formulating, developing, or providing, or arranging for the formulation, development, or provision of, any Internet advertising or marketing content for any person or entity; or (c) performing advertising or marketing services of any kind for any person or entity.

2. "Affiliate program" means any program whereby any person agrees to advertise, market, promote, disseminate, distribute, or download any program, product, or service, including, but not limited to, software products, on behalf of Defendants.

3. "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The "World Wide Web" or the "Web" is a system used on the Internet for cross-referencing and retrieving information. Documents ("pages" or "sites") on the World Wide Web are most frequently formatted in a language called HTML or HyperText Markup Language, that supports links to other documents on the World Wide Web.

5. A "web site" is a set of electronic files or documents, usually a home page and subordinate pages, readily viewable on a computer by anyone with access to the Web and standard Internet browser software.

6. A "web browser" is a software application used to view, download, upload, surf or otherwise access documents ("pages" or "sites") on the World Wide Web. Web browsers read coded documents that reside on servers, and interpret the coding into what users see rendered as a web page or web site. A user may retrieve and view a web page or site by entering the Uniform Resource Locator ("URL") or domain name of the web page in the address bar of the web browser.

7. A "security vulnerability" means a weakness, flaw, or bug in a software program or application that can be used to increase access privileges to a computer system, compromise data stored on it, or control its operation.

8. "Express consent" means that, prior to installing any software program or application to consumers' computers:

   (a) Defendant clearly and prominently disclose the material terms of such software program or application; and

   (b) Consumers install or download such software program or application by clicking on a button that is labeled to convey that it will activate the installation or download, or by taking a substantially similar action.

9. "Clearly and prominently" shall mean that, in the case of advertisements communicated through an electronic medium (such as television, video, radio, and interactive media such as the Internet and online services), the disclosure shall be presented simultaneously in both the audio and visual portions of the advertisement. Provided, however, that in any advertisement presented solely through visual or audio means, the disclosure may be made through the same means in which the advertisement is presented. The audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it. The visual disclosure shall be of a size and shade, and shall appear on the screen for a duration, sufficient for an ordinary consumer to read and comprehend it. In addition to the foregoing, in interactive media the disclosure shall also be unavoidable and shall be presented prior to the consumer installing or downloading any software code, program, or content and prior to the consumer incurring any financial obligation.

10. Unless otherwise specified, "Defendant" means John Robert Martinson ("Martinson") individually and in his capacity as an officer and director of Mailwiper, Inc. and Spy Deleter, Inc.

11. "FTC" or "Commission" means the Federal Trade Commission.

12. A requirement that any Defendant "notify," "furnish," "provide," or "submit" to the Commission means that the Defendant shall send the necessary information via first class mail, costs prepaid, or via overnight carrier, to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington D.C. 20580
> Attn: *FTC v. Seismic Entertainment Productions, Inc., et al.* (D.N.H.)

13. The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

14. The term "including" in this Order means "including without limitation."

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that Defendant Martinson and his agents, employees, salespersons, independent contractors, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, corporation, subsidiary, division, or other device, are hereby enjoined from, or assisting others in, publishing, disseminating, or distributing on or through the Internet, the World Wide Web, any bulletin board system, File Transfer Protocol ("FTP"), electronic-mail, instant message, web page, or web site, any software script, code, or other content that exploits a security vulnerability of any computer operating system, web browser, or other application to download or install onto any computer any software code, program, script, or content.

### II.

**IT IS FURTHER ORDERED** that, Defendant Martinson and his agents, employees, salespersons, independent contractors, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, corporation, subsidiary, division, or other device, in connection with the advertising, promotion,

marketing, offering for sale, sale, or provision of any goods or services on or through the Internet, the World Wide Web, or any web page or web site, are enjoined from, or assisting others in:

    A.    installing or downloading any software program or application without express consent;

    B.    redirecting computers connected to the Internet or World Wide Web to different web sites, web pages, FTP servers, or other Internet servers than those that the consumer selects to visit;

    C.    changing or causing to change any web browser's default home page to a different web page; and

    D.    modifying or replacing any search engine's or other application's search features or functions.

## MONITORING BY DEFENDANT FOR COMPLIANCE

## III.

**IT IS FURTHER ORDERED** that Defendant Martinson and his agents, employees, salespersons, independent contractors, affiliates, successors, assigns and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promotion, marketing, offering for sale, sale, or provision of any goods or services on or through the Internet, the World Wide Web, or any web page or web site, are hereby enjoined from failing to:

    A.    Obtain contact information from any prospective participant in any affiliate program. In the case of a natural person, Defendant shall obtain the prospective participant's first and last name, physical address, country, telephone number, e-mail address, and complete bank account information as to where payments are to be made. In the case of corporations, partnerships, proprietorships, limited liability companies, organizations, associations, cooperatives, agencies, or other legal entities, Defendant shall obtain the first and last name, physical address, country, telephone number, and e-mail address for the natural person who owns,

    manages, or controls the prospective participant, and complete bank account information as to where payments are to be made;

B. Prior to any such prospective participant's acceptance into any affiliate program, (1) provide each such person a copy of this Order; (2) obtain from each such person a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order. Any electronic signature that Defendant obtains pursuant to this Paragraph must comply with the signature requirements of the Electronic Signatures in Global and National Commerce Act ("E-Sign Act"), 15 U.S.C. § 7001 *et seq*; and (3) clearly and prominently disclose that engaging in acts or practices prohibited by this Order will result in immediate termination of any affiliate program account and forfeiture of all monies earned or owed;

C. Establish, implement, and maintain an Internet-based mechanism, including, but not limited to, e-mail for: (i) consumers to report complaints to Defendant regarding the practices of any affiliate program participant; (ii) Defendant to correctly associate each such complaint with the affiliate that is the subject of the complaint; (iii) Defendant to receive and respond to such complaints, whether received directly or indirectly, in a timely manner. Defendant shall clearly and prominently disclose the existence of such reporting mechanism on their web sites;

D. Promptly and completely investigate any complaints that the Defendant receives through Paragraph III.C or any other source to determine whether any such participant is engaging in acts or practices prohibited by this Order; and

E. Terminate, immediately, any participant in any affiliate program that Defendant reasonably concludes has engaged or is engaging in acts or practices prohibited by this Order and cease payments to any such person.

*Provided, however,* that this Paragraph does not authorize or require Defendant to take any action that violates any federal, state, or local law.

## MONETARY JUDGMENT AND CONSUMER REDRESS

### IV.

**IT IS FURTHER ORDERED** that judgment for equitable relief is hereby entered in favor of the Commission and against the Defendant, jointly and severally with former Defendants Mailwiper and Spy Deleter, in the amount of One Million, Eight Hundred Sixty-Two Thousand, Two Hundred Seventy Dollars and Eighteen Cents ($1,862,270.18), *provided, however, that* all of this amount except that amount set forth herein shall be suspended.

    A.      Defendant has paid the Commission the sum of Forty Thousand Dollars ($40,000).

    B.      By signing this Order, Defendant relinquishes all dominion, control, and title to the monies transferred to the Commission, and agrees that all legal and equitable title to said monies is vested in the Commission, for use according to the terms of this Order. In the event the Commission does not approve this Order or the Court does not enter this Order, the monies transferred to the Commission under this Paragraph shall be returned to the Defendant (which monies shall not accrue interest).

    C.      Upon entry of this Order, all funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.

    D.      In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited in the United States Treasury as disgorgement. Defendants shall have

no right to challenge the Commission's choice of remedies under this Paragraph or the manner of distribution chosen by the Commission. No portion of the payment as herein provided shall be deemed payment of any fine, penalty, forfeiture, or punitive assessment.

E. Upon entry of this Order, all legal and equitable title to the funds shall vest in the Treasurer of the United States unless and until such funds are disbursed to consumers. Defendants shall make no claim to or demand for the return of the funds, directly or indirectly, through counsel or otherwise; and in the event of Defendant's bankruptcy, Defendant acknowledges that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

F. In the event of any default by Defendant of any obligation imposed under this Paragraph, including but not limited to the failure to timely and completely fulfill the payment obligation set forth in Subparagraph A:

  1. The suspension of the judgment amount set forth in this Paragraph shall be vacated as to Defendants, and the full amount of that judgment, One Million, Eight Hundred Sixty-Two Thousand, Two Hundred Seventy Dollars and Eighteen Cents ($1,862,270.18), shall immediately become due, plus interest from the date of entry of this Final Judgment pursuant to 28 U.S.C. § 1961, less any payments already made; and

  2. The Commission shall be entitled to immediately exercise any and all rights and remedies against the Defendant and his property, to collect the full amount of the One Million, Eight Hundred Sixty-Two Thousand, Two Hundred Seventy Dollars and Eighteen Cents ($1,862,270.18) judgment amount set forth in this Paragraph and interest thereon, less any payments already made.

G. Defendants agree that, if they fail to timely and completely fulfill the payment set forth in this Final Judgment, the facts as alleged in the Amended Complaint filed in this matter shall be taken as true in any subsequent litigation filed by the

|   |   |
|---|---|
|   | Commission to enforce its rights pursuant to this Final Judgment, including but not limited to, a nondischargeability complaint in any bankruptcy case. |
| H. | In accordance with 31 U.S.C. § 7701, Defendant is hereby required, unless he has done so already, to furnish to the Commission his social security numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government. |
| I. | Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order. |

## RIGHT TO REOPEN
## V.

**IT IS FURTHER ORDERED** that:

A.  The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Martinson's certified financial statements and supporting documents submitted to the Commission on or about July 25, 2006, as well as any and all subsequent addenda thereto. Defendant Martinson stipulates that all of these materials are truthful, accurate and complete. These documents contain material information upon which the Commission relied in negotiating and agreeing to the terms of this Order.

B.  If, upon motion by the Commission, a Court should determine that Defendant Martinson made a material misrepresentation or omitted material information concerning the financial condition of himself, his wife, Defendant Mailwiper, Defendant Spy Deleter or of Magna Software, Inc., then the Court shall enter judgment against Defendant Martinson, in favor of the Commission, in the amount of One Million, Eight Hundred Sixty-Two Thousand, Two Hundred Seventy Dollars and Eighteen Cents ($1,862,270.18) less any payments already made, which amount shall become immediately due and payable by him, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended,

shall immediately begin to accrue on the unpaid balance; *provided, however, that* in all other respects this Final Judgment shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further, that* proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including but not limited to contempt proceedings, or any other proceedings that the Commission or the United States may initiate to enforce this Final Judgment. For purposes of this Paragraph, and any subsequent proceedings to enforce payment, including but not limited to a non-dischargeability complaint filed in a bankruptcy proceeding, Defendant agrees not to contest any of the allegations in the Commission's Complaint.

## DISTRIBUTION OF ORDER

### VI.

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant Martinson shall deliver copies of the Order as directed below:

    A.    For any business that Defendant Martinson controls, directly or indirectly, or in which Defendant Martinson has a majority ownership interest, he must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant Martinson must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities.

    B.    For any business where Defendant Martinson is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant Martinson must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.      Defendant Martinson must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from each person receiving a copy of the Order pursuant to this Paragraph.

## COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE

## VII.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.      Commission is authorized to monitor Defendant's compliance with this Order by all lawful means, including but not limited to the following means:

1.  Obtaining discovery from any person, without further leave of court, using the procedures proscribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.  Posing as customers and clients to Defendant, Defendant's employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice;

B.      Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct that is subject to this Order. The person interviewed may have counsel present;

C.      Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

D.      Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

## VIII.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.  Defendant Martinson, within ten (10) business days of service of this Order, shall notify the Commission in writing of (1) his residence address and mailing address; (2) his home telephone number; (3) the name, address, and telephone number of his employer; (4) if applicable, the names of his supervisors; (5) a description of his employer's activities; and (6) a description of his duties and responsibilities.

B.  For a period of five (5) years from the date of service of this Order, Defendant Martinson shall notify the Commission of the following:

1. Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

2. Any changes in his employment status (including self-employment) within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant Martinson is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of Defendant Martinson's duties and responsibilities in connection with the business; and

3. Any changes in his name or use of any aliases or fictitious names.

C.  Sixty (60) days after the date of service of this Order, Defendant each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to any changes required to be reported pursuant to subparagraph (B) above; a copy of each acknowledgment of receipt of this Order obtained by Defendant pursuant to Paragraph VI.D of this Order. Upon written request by a representative of the Commission, Defendant shall submit additional written reports (under oath, if requested)

and produce documents on fifteen (15) days' notice with respect to any conduct subject to this Order.

D.  For purposes of the compliance reporting required by this Paragraph, the Commission is authorized to communicate directly with Defendant.

## RECORD KEEPING PROVISIONS

### IX.

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of service of this Order, Defendant Martinson, for any business in which he is a majority owner or otherwise directly or indirectly manages or controls the business, he is hereby restrained and enjoined from failing to create and retain the following records:

A.  Accounting records that reflect the cost of services sold, revenues generated, and the disbursement of such revenues;

B.  Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.  Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.  Complaints and refund requests (whether received directly, indirectly or through any third party), and any response to those complaints or requests;

E.  Copies of advertisements, promotional materials, or other marketing materials prepared or distributed in connection with any affiliate program; and

F.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by Part VI(D), and all reports submitted to the FTC pursuant to Part VIII.

## SCOPE OF ORDER

### X.

**IT IS FURTHER ORDERED** that this Order resolves only claims against Defendant Martinson as alleged in the Amended Complaint. This Order does not preclude the Commission from initiating further action or seeking any remedy against any other persons or entities, including without limitation persons or entities who may be subject to portions of this Order by virtue of actions taken in concert or participation with Defendant Martinson and persons or entities in any type of indemnification or contractual relationship with Defendant.

## RETENTION OF JURISDICTION

### XI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED:**

/s/ Rosemary Rosso
DAVID P. FRANKEL (DC Bar No. 339325)
ROSEMARY ROSSO (NY Bar No. 1729730)
LAURA M. SULLIVAN (NY Bar No. 2919660)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Room NJ-3212
Washington, DC 20580
(202) 326-2812, -2174 (voice)
(202) 326-3259 (fax)
dfrankel@ftc.gov
rrosso@ftc.gov
lsullivan@ftc.gov

ATTORNEYS FOR PLAINTIFF

/s/ John Robert Martin
JOHN ROBERT MARTINSON,
individually, and as the officer and
director of Mailwiper, Inc. and
Spy Deleter, Inc.

DEFENDANT, *Pro Se*

**IT IS SO ORDERED**, this 30th day of October, 2006.

/s/ Joseph A. DiClerico, Jr.
UNITED STATES DISTRICT JUDGE
JOSEPH A. DICLERICO, JR.

## CERTIFICATE OF SERVICE

    I, Rosemary Rosso, certify that on October 20, 2006, I caused a copy of the Stipulated Final Order For Permanent Injunction and Settlement of Claims For Monetary Relief Against Defendant John Robert Martinson to be served via electronic mail and Federal Express upon:

                John Robert Martinson
                905 Roberts Landing
                Atlanta, Georgia 30350

                /s/ Rosemary Rosso
                Rosemary Rosso (NY Bar No. 1729730)
                Federal Trade Commission
                601 New Jersey Avenue, N.W.
                Rm. NJ-3212
                Washington, D.C. 20580
                (202) 326-3327 (Tel.)
                (202) 326-3259 (Fax)
                rrosso@ftc.gov

Dated: October 20, 2006